JL

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Benjamin Freeman,

    Plaintiff,

v.

Ryan Thornell, et al.,

    Defendants.

No.   CV-23-02324-PHX-JAT (JZB)

**ORDER**

**I.  Procedural History**

On July 24, 2023, Plaintiff Benjamin Freeman, who is confined in the Arizona State Prison Complex-Yuma, filed a Complaint in the Superior Court of Yuma County, Arizona, against 26 Defendants.  On November 7, 2023, Defendant Justin A. Newsome filed a Notice of Removal and removed the case to this Court.  (Doc. 1.)  On November 17, 2023, Plaintiff filed a First Amended Complaint.  (Doc. 5.)

In a January 12, 2024 Order, the Court determined removal was proper; dismissed Defendants Westlund, Lynch, and Perkins; and ordered Plaintiff to show cause in writing, within 30 days of the Order, why his claims against Defendants Montoya, Welty, Cunanan, and Hickman should not be dismissed as barred by the statute of limitations.  (Doc. 7.)

**II.  Relevant Allegations**

As relevant here, in the First Amended Complaint, Plaintiff sues Maricopa County Superior Court Bailiff Carrie Montoya, Chief Judge Joseph C. Welty, retired Judge David Cunanan, and Maricopa County Board of Supervisors member Clint Hickman.  (Doc. 5 at

1-2.) Plaintiff alleges that on October 28, 2015, the last day of his criminal trial,[1] "three or more stenographic malfunctions" occurred. (*Id.* at 7.) Plaintiff asserts that Defendant Montoya was operating the trial court's "for the record," or FTR, system. (*Id.*) Plaintiff claims Defendant Montoya was not properly trained to proficiently operate the FTR system, and as a result, exculpatory testimony by a witness was lost or destroyed.[2] (*Id.*) Plaintiff contends the first stenographic malfunction was never reported to the trial court and was not labeled in parentheses in the trial transcript. (*Id.*) Plaintiff alleges that while the court reporter repaired her stenograph, and the FTR was not recording, the prosecutor pulled out the court's projector, dimmed the courtroom lights, and showed jurors evidence that the trial court and the State had "predetermined was a mooted issue." (*Id.* at 7-8.)

Plaintiff alleges that on December 28, 2022, Defendant Montoya informed Plaintiff's private investigator, Mark Hebert, that she worked as a bailiff in Defendant Cunanan's court in 2015 and was responsible for the operation of the FTR system during Plaintiff's criminal trial. (*Id.* at 10.) Plaintiff asserts that Defendant Montoya told Hebert that when she became a bailiff, she did not receive any formal training regarding operating the FTR system, and someone had "simply show[n her] how to run the system." (*Id.*) Plaintiff claims Defendants Cunanan, Hickman, Welty, and Lynch "breached their ministerial duties" by failing to adequately train Defendant Montoya to proficiently operate

---

[1] Plaintiff was convicted in Maricopa County Superior Court, case #CR2013-003808, of multiple counts of third-degree burglary, taking the identity of another, forgery, theft of a credit card, criminal possession of a forgery device, and fraudulent schemes and artifices. *See* https://corrections.az.gov/inmate-data-search (search by Inmate Number 050101) (last accessed Mar. 21, 2024).

[2] The witness, N.G., was the State's first witness. *See* courtminutes.clerkofcourt.maricopa.gov/viewerME.asp?fn=Criminal/102015/m7077448.pdf (last accessed Mar. 21, 2024). One of the victims in the case, P.G., died before trial, and his wife, N.G., as a witness. *See State v. Freeman*, 2017 WL 3529105 (Ariz. Ct. App. Aug. 17, 2017). Plaintiff stole at least two of P.G.'s credit cards, used the cards to make purchases at several stores, and signed at least one receipt as P.G. *Id.* On October 28, 2015, the last day of his trial, Plaintiff testified in his own defense and "offered alternative explanations for his actions and the other facts underlying the charges," claiming he had been friends with P.G. and that P.G. had given him permission to use the credit cards as a loan. *Id.*; *See* courtminutes.clerkofcourt.maricopa.gov/viewerME.asp?fn=Criminal/112015/m7079750.pdf (last accessed Mar. 21, 2024). After Plaintiff testified, the State called N.G. as a rebuttal witness. *See* courtminutes.clerkofcourt.maricopa.gov/viewerME.asp?fn=Criminal/112015/m7079750.pdf (last accessed Mar. 21, 2024).

the trial court's FTR "override feature" and the "camera switching" as required, while the court reporter repaired the stenograph and a witness presented exculpatory evidence that had "already been mooted." (*Id.*) Plaintiff contends that because of Montoya's "lack of education of the FTR system," she was responsible for Plaintiff's inability to "see the witness testify." (*Id.*) Plaintiff alleges his appeal and post-conviction relief motions were "decided on" Defendant Montoya's faulty operation of the FTR and her inadequate training regarding operation of the FTR system. (*Id.*)

Plaintiff further alleges that Defendants Hickman, Welty, Cunanan, and Lynch were responsible for the appointment, hiring, and salaries of the personnel directly connected with the courts. (*Id.* at 11.) Plaintiff asserts that by assigning Defendant Montoya as a bailiff and "failing to adequately provide more and different training and supervision" of Montoya, Defendants were deliberately indifferent. (*Id.*) Plaintiff further claims Defendants breached their administrative duties by failing to adequately train Defendant Montoya. (*Id.*)

## III. Statute of Limitations

Failure to state a claim includes circumstances where a defense is "complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). In the absence of waiver, the Court may raise the defense of statute of limitations sua sponte. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 687 (9th Cir. 1993); *see also Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of prisoner's time-barred complaint).

The applicable statute of limitations in an action under 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz. Rev. Stat. § 12-542(1). The Court must also apply any state rule for tolling to actions brought under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Hardin v. Straub*, 490 U.S. 536, 544 (1989); *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999).

Accrual of § 1983 claims is governed by federal law. *Wallace*, 549 U.S. at 388. Under federal law, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Thus, "[a]n action ordinarily accrues on the date of the injury." *Pouncil*, 704 F.3d at 574. To be timely, Plaintiff's claims must have accrued no more than two years before his Complaint was filed on July 23, 2023.

Because Plaintiff's claims against Defendants Montoya, Welty, Cunanan, and Hickman concerned Plaintiff's 2015 criminal trial, the Court ordered Plaintiff to show cause why these claims are not barred by the statute of limitations.

**IV.     Response to Order to Show Cause**

In his Response, Plaintiff reiterates his allegation that on December 28, 2022, a private investigator interviewed Defendant Montoya. Plaintiff states he did not know Defendant Montoya or "any of the newly discovered facts" until December 28, 2022. Plaintiff contends these "facts" did not come into existence as an enforceable claim or right until he knew or had reason to know of Defendant Montoya's name, position, responsibilities, liabilities, and training or lack thereof.

Plaintiff argues that he "applied due diligence in his research and investigation" of Defendant Montoya and learned that Defendant Cunanan had appointed Defendant Montoya as bailiff in his court and assigned her duties as the FTR operator. Plaintiff asserts that through further due diligence, he discovered that the judiciary has control over the personnel directly connected with the courts, which, according to Plaintiff, "would necessarily include" Defendants Welty and Hickman.

**V.     Discussion of Statute of Limitations**

As noted, a cause of action accrues when a plaintiff "knows or has reason to know of the injury that is the basis of the action." In other words, "accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief." *Pouncil*, 704 F.3d at 573-74. Plaintiff argues his claims did not accrue until he learned

1  Defendant Montoya's name in December 2022. Plaintiff is incorrect.

2      Plaintiff knew or should have known the basis for his claim against Defendant Montoya on the date he alleges Montoya failed to properly operate the FTR system, that is, October 28, 2015. Plaintiff was present in court that day, was aware of the issue with the FTR and therefore aware of the facts that formed the basis of his claim, and he had a complete cause of action and could have filed suit at that time.[3] It is irrelevant that Plaintiff did not know Montoya's name or job title until December 2022. Plaintiff could have, but did not, file a complaint and fictitiously identify Defendant Montoya and then seek discovery to determine her true name.[4]

    Likewise, Plaintiff could have, but did not, fictitiously name the individuals who hired, trained, or supervised Defendant Montoya. The *facts* regarding who hired, trained, or supervised Defendant Montoya existed in 2015 and were therefore available to Plaintiff at that time. The Court rejects Plaintiff's assertion that these "facts" did not come into existence as an enforceable claim or right until December 2022. Plaintiff did not have any information at the time he filed the Complaint in this case "that was unavailable to [him]" in 2015. *See Rice v. Potter*, 347 F. App'x 320, 321 (9th Cir. 2009).

    For the foregoing reasons, the Court concludes Plaintiff's claims against Defendants Montoya, Cunanan, Welty, and Hickman are barred by the statute of limitations. The Court will therefore dismiss the First Amended Complaint and this case.

. . . .

. . . .

. . . .

. . . .

---

[3] Moreover, Plaintiff was represented by counsel at trial who could have objected to any perceived improprieties.

[4] Plaintiff has filed dozens of cases in this Court and has named fictitiously identified Defendants in many of those cases. *See*, *e.g.*, *Freeman v. Shinn*, CV-22-01372-PHX-JAT (MHB); *Freeman v. State of Arizona*, CV-18-01015-PHX-JAT (MHB); *Freeman v. Beck*, CV-09-00985-PHX-SMM (MHB); *Freeman v. Richardson*, CV-01-01021-PHX-SMM (MS).

**IT IS ORDERED** that Plaintiff's First Amended Complaint is **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly and close this case.

Dated this 26th day of March, 2024.

James A. Teilborg
Senior United States District Judge