JL

WO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Benjamin Freeman,

               Plaintiff,

v.

Ryan Thornell, et al.,

               Defendants.

No.  CV-23-02324-PHX-JAT (JZB)

**ORDER**

**I.    Procedural History**

On July 24, 2023, Plaintiff Benjamin Freeman, who is confined in the Arizona State Prison Complex-Yuma, filed a Complaint in the Superior Court of Yuma County, Arizona, against 26 Defendants.  On November 7, 2023, Defendant Justin A. Newsome filed a Notice of Removal and removed the case to this Court.  On November 16, 2023, Plaintiff filed a Motion for Extraordinary Relief, and on November 17, 2023, he filed a First Amended Complaint.  In a January 12, 2024 Order, the Court determined removal was proper; dismissed Defendants Perkins, Lynch, and Westlund; and ordered Plaintiff to show cause why his claims against the remaining Defendants should not be dismissed as barred by the statute of limitations.

On January 30, 2024, Plaintiff filed a Response to the Order to Show Cause.  In a March 26, 2024 Order, the Court determined Plaintiff's remaining claims were barred by the statute of limitations and dismissed the First Amended Complaint and this case.  The Clerk of Court entered Judgment the same day.

On April 1, 2024, Plaintiff filed a Notice of Appeal.  On April 15, 2024, Plaintiff filed a Motion to Alter or Amend Judgment (Doc. 13) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which the Court denied in an April 18, 2024 Order for lack of jurisdiction because Plaintiff had filed a Notice of Appeal.  On April 19, 2024, Plaintiff filed a Renewed Motion to Alter or Amend Judgment (Doc. 15) and a Motion to Withdraw Appeal.  In a May 15, 2024 Order, the Court denied the Renewed Motion and the Motion to Withdraw Appeal.

On May 23, 2024, the Ninth Circuit remanded the appeal for the limited purpose of permitting the Court to vacate the April 18, 2024 Order and to decide the Motion to Amend Judgment and Renewed Motion to Alter or Amend Judgment (Doc. 21).  In accordance with the Ninth Circuit's Order, the Court will vacate the April 18, 2024 Order and the portion of the May 15, 2024 Order that denied the Renewed Motion to Alter or Amend Judgment and will consider the Motions on the merits.

## II.     Legal Standards

 "The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1). Any motion for reconsideration must specifically identify the matters that were overlooked or misapprehended by the Court.  *Id.*  If any new matters are being brought to the Court's attention for the first time, the movant must identify the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order.  *Id.*  No motion for reconsideration of an Order may repeat any oral or written argument made in support of or in opposition to the motion that resulted in the Order.  *Id.*

"A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

. . . .

**III.     First Amended Complaint, Order to Show Cause, and March 26, 2024 Order**

In the First Amended Complaint, Plaintiff sued Maricopa County Superior Court Bailiff Carrie Montoya, Chief Judge Joseph C. Welty, retired Judge David Cunanan, and Maricopa County Board of Supervisors member Clint Hickman.  Plaintiff alleged the following:

On October 28, 2015, the last day of Plaintiff's criminal trial, "three or more stenographic malfunctions" occurred.  (Doc. 5 at 7.)  Defendant Montoya was operating the trial court's "for the record," or FTR, system.  (*Id.*)  Defendant Montoya was not properly trained to proficiently operate the FTR system, and as a result, exculpatory testimony by a witness was lost or destroyed.  (*Id.*)  The first stenographic malfunction was never reported to the trial court and was not labeled in parentheses in the trial transcript.  (*Id.*)  While the court reporter repaired her stenograph, and the FTR was not recording, the prosecutor pulled out the court's projector, dimmed the courtroom lights, and showed jurors evidence that the trial court and the State had "predetermined was a mooted issue." (*Id.* at 7-8.)

On December 28, 2022, Defendant Montoya informed Plaintiff's private investigator, Mark Hebert, that she worked as a bailiff in Defendant Cunanan's court in 2015 and was responsible for the operation of the FTR system during Plaintiff's criminal trial. (*Id.* at 10.)  Defendant Montoya told Hebert that when she became a bailiff, she did not receive any formal training regarding operating the FTR system, and someone had "simply show[n her] how to run the system."  (*Id.*)

In his Response to the Order to Show Cause, Plaintiff reiterated his allegation that on December 28, 2022, a private investigator interviewed Defendant Montoya.  Plaintiff stated he did not know Defendant Montoya or "any of the newly discovered facts" until December 28, 2022.  Plaintiff contended these "facts" did not come into existence as an enforceable claim or right until he knew or had reason to know of Defendant Montoya's name, position, responsibilities, liabilities, and training or lack thereof.  Plaintiff argued that he "applied due diligence in his research and investigation" of Defendant Montoya and

learned that Defendant Cunanan had appointed Defendant   Montoya as bailiff in his court and assigned her duties as the FTR operator.  Plaintiff asserted that through further due diligence, he discovered that the judiciary has control over the personnel directly connected with the courts, which, according to Plaintiff, "would necessarily include" Defendants Welty and Hickman.

In the March 26, 2024 Order, the Court reasoned that Plaintiff's claims accrued on October 28, 2015 because Plaintiff knew or should have known the basis for his claim that Defendant Montoya failed to properly operate the FTR system that day.  The Court observed that Plaintiff was present in court that day, was aware of the issue with the FTR and therefore aware of the facts that formed the basis of his claim, and he had a complete cause of action and could have filed suit at that time.  The Court noted that it was irrelevant that Plaintiff did not know Montoya's name or job title until December 2022 because Plaintiff could have filed a complaint and fictitiously identified Defendant Montoya and then sought discovery to determine her true name.

**IV.    Plaintiff's Motions**

In his Motion to Alter or Amend Judgment, Plaintiff contends the Court erred by entering judgment in this case before any defendants were served and without a trial.  (Doc. 13 at 1-2.)  Plaintiff contends the two-year statute of limitations for his claims should be tolled because his private investigator, Mark Herbert, did not interview Defendant Montoya until December 22, 2022, Plaintiff "did not receive the results" until December 30, 2022, and Plaintiff's "newly discovered evidence did not come into existence until December 22, 2022." (*Id.*)

Plaintiff asserts, for the first time, that during his criminal trial in 2015, "he had no idea that the court's videotape malfunctioned." (*Id.* at 3.)  Plaintiff states that he "diligently researched the trial minute entry" for October 28, 2015, which stated, "A record of the proceedings is also made by audio and/or [videotape]." (*Id.*)  Plaintiff states that on January 2, 2015, he filed a Notice of Tentative Witnesses for Evidentiary Hearing in his criminal case, in which he listed John Swords as a tentative witness because Plaintiff knew Mr.

Swords "had been a client in his ExeaBenz sedan car service for 7 years" and that Mr. Swords was employed as a videotape technician in the Maricopa County Attorney's Office and supervised videotape equipment used in criminal trials.  (*Id.*)  Plaintiff states that he "diligently pursued [a] lawsuit against Mr. Swords" because Plaintiff believed, due to Mr. Swords's employment and position at the Maricopa County Attorney's Office and his acquaintance with former Maricopa County Attorneys Rick Romley and Bill Montgomery, that Mr. Swords had knowledge of the stenograph malfunctions and conspiracy that Plaintiff complained of in his direct appeal from his criminal proceeding.[1]  Plaintiff's lawsuit against Mr. Swords was dismissed, but Plaintiff "continued to believe" that Mr. Swords was responsible for videotaping Plaintiff's criminal proceedings.[2]

In his Renewed Motion to Alter or Amend Judgment, Plaintiff mostly repeats the assertions from his Motion and adds that the statute of limitations should be tolled[3] "as he worked diligently based upon the court's minute entry which misle[]d [him] [by] using the word ['videotaped'] instead of 'FTR.'"  Plaintiff asserts that he exercised diligence in his search and "actually discovered the name and position of the trial court's videotape technician and supervisor in charge of [videotaping criminal trials]," and therefore, his claims did not accrue until he learned Defendant Montoya's name in December 2022.

---

[1] In his direct appeal, Plaintiff "suggest[ed] a conspiracy theory based on the State allegedly arranging a stenograph malfunction on the last day of trial, then using the disruption to again show the jury YouTube videos."  *State v. Freeman*, Nos. 1 CA-CR-16-0074 and 1 CA-CR-16-0347 (consolidated), 2017 WL 3529105, at *6 (Ariz. Ct. App. Aug. 17, 2017).  The Arizona Court of Appeals observed that "[a]lthough the stenograph malfunction is apparent in the record, there is no indication of any illicit YouTube viewings or any other misconduct.  Even after the stenograph was repaired, no one—not the court, defense counsel, or anyone else—even alluded to any such impropriety."  *Id.*  The Arizona Court of Appeals concluded that Plaintiff "failed to show any disclosure violation or any other misconduct, and his claim for relief fail[ed]."  *Id.*

[2] On October 14, 2016, Plaintiff filed a complaint in Maricopa County Superior Court case #CV2016-015382 against John Swords, among other defendants.  On July 18, 2017, the court granted Mr. Swords's Motion to Dismiss with prejudice.  *See* https://courtminutes.clerkofcourt.maricopa.gov/viewerME.asp?fn=Civil/072017/m7927280.pdf (last accessed July 1, 2024).

[3] Although Plaintiff refers to tolling, he appears to assert delayed accrual of the statute of limitations, rather than that he is entitled to statutory or equitable tolling.

## V.      Analysis

Plaintiff presents new facts in his Motions, and he does not provide any reason these facts were not presented earlier.  As noted, Plaintiff states, for the first time, that he was not contemporaneously aware of the FTR system malfunctions on October 28, 2015.  And nowhere in Plaintiff's prior filings in this case did he mention Mr. Swords, his belief that Mr. Swords was responsible for videotaping Plaintiff's criminal trial, or how this belief relates to his claim based on Defendant Montoya's alleged errors in operating the trial court's FTR system on October 28, 2015.  Plaintiff has not identified any new *evidence* since the Court dismissed this case that warrants relief from judgment.

Plaintiff also has not shown the Court committed clear error in dismissing his claims as barred by the statute of limitations.  Plaintiff merely argues that the statute of limitations should be tolled because after his direct appeal in his criminal proceeding, he "diligently pursued" a civil claim that was dismissed in 2017 and had nothing whatsoever to do with Defendant Montoya or her role in Plaintiff's criminal proceeding.  Plaintiff could have, but did not, make this argument in his response to the Order to Show Cause, and, in any event, the argument is nonsensical.

For the foregoing reasons, the Court will deny Plaintiff's Motion to Alter or Amend Judgment and Renewed Motion to Alter or Amend Judgment.

**IT IS ORDERED:**

(1)      In accordance with the Ninth Circuit's Order, the April 18, 2024 Order (Doc. 14) and the portion of the May 15, 2024 Order (Doc. 20) that denied Plaintiff's Renewed Motion to Alter or Amend Judgment are **vacated**.

(2)      Plaintiff's Motion to Alter or Amend Judgment (Doc. 13) and Renewed Motion to Alter or Amend Judgment (Doc. 15) are **denied**.

. . . .

. . . .

. . . .

. . . .

(3)     The Clerk of Court must transmit a copy of this Order to the Ninth Circuit Court of Appeals and reference Case No. 24-2147.

Dated this 10th day of July, 2024.

James A. Teilborg
Senior United States District Judge